United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41484

_____

SATELLITE DEALERS SUPPLY, INC.,

Plaintiff-Appellant,

versus

ECHOSTAR COMMUNICATIONS CORPORATION,

Defendant-Appellee.

consolidated with

_____

No. 02-41755

_____

SATELLITE DEALERS SUPPLY, INC.,

Plaintiff-Appellee,

versus

ECHOSTAR COMMUNICATIONS CORPORATION,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
(5:00-CV-268)

_____

Before WIENER, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Satellite Dealers Supply, Inc. ("SDS") appeals the district court's grant of the motion of Echostar Communications Corporation ("ECC") to dismiss these consolidated cases for lack of personal jurisdiction.  For its part, ECC appeals the district court's denial of ECC's post-judgment motions for sanctions.  We affirm the district court's rulings on jurisdiction but vacate its denial of sanctions and remand for further treatment of that issue.

As a preliminary matter, we reject ECC's challenge to SDS's jurisdictional statement implicating its notice of appeal, which identified the district court's September 23, 2002 denial of SDS's motion for reconsideration rather than the court's September 18, 2001 dismissal for lack of personal jurisdiction.  See Foman v. Davis, 371 U.S. 178, 180-81 (1962); C.A. May Marine Supply Co. v. Brunswick Corp., 649 F.2d 1049, 1056 (5th Cir. 1981) ("The party who makes a simple mistake in designating the judgment appealed from does not forfeit his right of appeal where the intent to pursue it is clear."); Kelley v. Price-Macemon, Inc., 992 F.2d 1408, 1412 n.6 (5th Cir. 1993)(stating that an "appeal from the denial of [a Rule 59 motion] may also be considered as a timely appeal from the underlying order granting ... [a] motion for summary judgment").

As for personal jurisdiction, we have carefully reviewed the facts and the legal arguments as reflected in the record on appeal, the appellate briefs of the parties, and the oral arguments presented by counsel.  As a result, we are firmly convinced that

2

the district court's rejection of SDS's assertions of personal jurisdiction over ECC on alternative grounds of alter ego, general jurisdiction, and specific jurisdiction, is firmly grounded in fact and in law and thus should be affirmed.

We have no way of reaching a conclusion either way, however, about the district court's denial of ECC's motions for sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, even though we review such rulings under the highly deferential abuse of discretion standard. Denying both sanction motions, the district court stated only that "[a]fter reviewing the motions, the responses and the applicable law, the court has determined that sanctions are not warranted." In response to ECC's contention that we should remand the sanctions question for a more detailed explanation by the district court of its reasons for denying sanctions, SDS argues that the trial court need not give reasons when it <u>denies</u> sanctions, only when it grants them; and that the record on appeal and the briefings of the parties are sufficient to support the conclusion that the district court did not abuse its discretion in denying sanctions.

SDS's contention reiterated at oral argument by counsel, that remand for explication is required only when sanctions are granted, but not when they are denied, is wrong. In the recent case of <u>Copeland v. Wasserstein, Perella & Company, Inc.</u>, 278 F.3d 472 (5th Cir. 2002), the district court — like the court in this case — <u>denied</u> sanctions in an oral ruling from the bench without

3

substantive explanation. We remanded, stating that we "must be able to understand the district court's disposition of the sanctions motion." Id. at 484. Because the district court's oral findings in Copeland were broadly and summarily made, and —— as in this case —— the movant had alleged the expenditure of vast sums in attorney's fees and expenses, we concluded that we were "simply unable to review this issue on appeal without at least a brief statement, on each point, of the reasons for denying sanctions from the perspective of the judge who is in the best position to expound on these matters." Id. We are bound to follow that precedent here.

Although, as in Copeland, ECC claims hundreds of thousands of dollars in legal expenses and costs, and although the district court's denial of sanctions contains even less express reasoning than was given by the district court in Copeland, SDS has advanced substantial legal and factual reasons in support of affirming the district court's denial of sanctions against it. Even though we might comb the record and appellate briefs of the parties in a de novo effort to find support for the court's ruling, the fact remains that we require a reviewable explanation of a sanctions ruling, whether it be a grant or a denial.

In all likelihood, the district court can and will explain its ruling on sanctions as a non-abusive exercise of its discretion. Even though we are reluctant to add to that court's workload by remanding this tangential dispute over sanctions, we must have

4

something from that court demonstrating that it exercised its discretion without abusing it.

For the foregoing reasons, we affirm the district court's dismissal of these consolidated cases for lack of personal jurisdiction, but we vacate its denial of ECC's motions for sanctions and remand for an explanation of whatever ruling it might make on the sanctions issue on remand.

AFFIRMED in part, VACATED in part, and REMANDED.